# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID WAYNE CARSON,
                Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
AT-1221-11-0062-B-2

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Mark J. Downton</u>, Esquire, Brentwood, Tennessee, for the appellant.

<u>Christopher Todd Dong</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an IRA appeal alleging that the agency's retaliatory actions forced him to retire on November 30, 2009. *Carson v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-11-0062-W-1, Tabs 1, 4. Following a lengthy procedural history, the administrative judge issued a remand initial decision denying the appellant's request for corrective action. Refiled Remand File (RRF), Tab 15, Remand Initial Decision (RID). Specifically, the administrative judge found, after holding the requested hearing, that the appellant made a protected disclosure on April 23, 2008, to his first-line supervisor and other agency officials because he reasonably believed that the agency lacked consent to search a computer located at the Kentucky Disabled American Veterans office in Louisville, Kentucky, and that the agency's search, therefore, might have violated the Fourth Amendment to the U.S. Constitution. RID at 3-6.

¶3 The administrative judge further found, however, that the appellant did not establish that the agency took a personnel action against him because he did not establish that his November 30, 2009 retirement from his Criminal Investigator position was involuntary. RID at 2, 6-15. In this regard, the administrative judge held that the appellant did not establish that the agency made working conditions

so difficult that a reasonable person in the appellant's position would have felt compelled to retire. RID at 11. The administrative judge noted that, although the appellant's first-level supervisor had a motive to retaliate, the agency set forth persuasive evidence that it did not retaliate against the appellant. The administrative judge found that the agency set forth legitimate, unrebutted, persuasive explanations that were unrelated to the appellant's whistleblower activity, for its failure to approve his request for supervisory training, failure to assist him on one occasion with his travel voucher, and decision to relieve him of his badge, weapon, law enforcement duties, and government-owned vehicle based upon medical documentation he had presented to the agency indicating that he was unable to use his right hand due to an injury. RID at 11-13. Finally, the administrative judge held that any actions by the appellant's supervisor in interrupting the appellant, speaking to him in elevated tones, subjecting him to extraordinarily long case reviews, and making him re-present cases for prosecution, were not so intolerable that a reasonable person under the circumstances would have felt compelled to resign. RID at 14-15.

¶4 The appellant asserts on review that the administrative judge did not address whether the totality of the claimed intolerable working conditions would have caused a reasonable person to retire, but instead examined the agency's explanations for each act of alleged poor treatment. Petition for Review (PFR) File, Tab 1 at 8-9. Moreover, the appellant contends that the administrative judge did not consider some of the circumstances at all because she deemed the agency's reasons for those circumstances to be legitimate. *Id*. at 9-10. Similarly, the appellant asserts that, in concluding that the agency did not take a personnel action against the appellant, the administrative judge credited some of the agency's reasons for its actions and "removed those adverse actions and their effect on Appellant or a reasonable person from her consideration" of the totality of the circumstances, without any analysis of whether his disclosure was a contributing factor to those personnel actions or whether the agency proved its

legitimate reasons by clear and convincing evidence. *Id*. at 10-11. The appellant describes 18 incidents that he claims made his continued employment intolerable, asserting that the administrative judge did not weigh the effect all of those circumstances would have had on a reasonable person in his position and failed to mention how the agency allegedly frustrated his efforts to obtain leave to care for his wife when she broke her leg. *Id*. at 12-17.

¶5        To prevail in an IRA appeal, an appellant must establish by preponderant evidence that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action taken against him. *Chambers v. Department of the Interior,* 116 M.S.P.R. 17, ¶ 12 (2011). Although a decision to resign or retire is presumed to be voluntary, *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340 (Fed. Cir. 2001), an involuntary resignation or retirement may constitute an appealable personnel action in an IRA appeal, *see Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014).

¶6        Allegations of reprisal for whistleblowing, when made in an IRA appeal in support of an assertion that an agency coerced an appellant's resignation or retirement, should be considered for the limited purpose of determining whether they support a finding of coercion. *Heining v. General Services Administration*, 61 M.S.P.R. 539, 551 (1994); *Burke v. Department of the Treasury*, 53 M.S.P.R. 434, 439 (1992). Thus, to establish that a retirement was coerced, an appellant must show that his working conditions were made so intolerable by the alleged reprisal that he was forced into an involuntary retirement. *Heining*, 61 M.S.P.R. at 551. If an appellant makes this showing, then there was a constructive discharge, because he was left with no alternative but to leave his place of employment through retirement. *See id*. In other words, an appellant must show that his working conditions were made so difficult or unpleasant that a reasonable person in his circumstances would have felt compelled to retire. *See id*. To objectively determine whether a reasonable person in the employee's position

would have felt compelled to retire, the Board must consider the totality of the circumstances. *See Shoaf*, 260 F.3d at 1342.

¶7     We find that the administrative judge considered the totality of the circumstances in finding that the appellant did not show that his retirement was involuntary. *See* RID at 6-15. In particular, the administrative judge accepted as true many of the appellant's allegations, but found that such circumstances were not so difficult that a reasonable person would have felt compelled to resign. RID at 13-15. In making her determination, the administrative judge also properly considered whether the agency engaged in improper acts. RID at 13 n.4; *see Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 12 (2010) (determining that the essence of all claims of involuntary retirement is that the employee had a choice between retiring or continuing to work, but was forced to choose retirement by improper acts of the agency); *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 24 (2007) (finding that the Board may find retirements to be involuntary based on coercion when the employee shows that the agency has taken steps against the employee, not for any legitimate purpose, but simply to force the employee to quit). The administrative judge found that the appellant did not prove that the agency engaged in improper acts that purportedly led to his retirement; instead, the administrative judge found that, even considering a motive to retaliate by the appellant's first-level supervisor, the agency set forth persuasive evidence of legitimate reasons, unrelated to the appellant's whistleblowing activity, for those acts. *See* RID at 12-13.

¶8     By focusing on whether the appellant proved that his retirement was involuntary, and thus a personnel action within the Board's jurisdiction, without making a determination as to whether the appellant met the standard for proving that his disclosure was a contributing factor in such a personnel action and whether the agency met its burden of proving by clear and convincing evidence that it would have taken the same action in the absence of the disclosure, the administrative judge's analysis was consistent with holdings of the court and the

Board in similar cases. *See Mintzmyer v. Department of the Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996) (holding that the ultimate issue in both a constructive discharge claim based on whistleblowing reprisal and a constructive discharge claim based on discrimination is whether the employee retired under such intolerable working conditions that her retirement constituted a constructive discharge); *Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶¶ 15-18 (2004); *cf. Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001) (finding that when allegations of discrimination and reprisal are alleged in connection with a determination of voluntariness, such evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal as an affirmative defense); *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996) (concluding that evidence of discrimination may be considered only in terms of the standard for voluntariness in a particular situation – not whether such evidence meets the test for proof of discrimination or reprisal established under Title VII).

¶9          Despite the appellant's assertion that the administrative judge failed to mention how the agency allegedly frustrated his efforts to obtain leave to care for his wife when she broke her leg, the administrative judge addressed this matter when she found that the appellant described serious medical conditions of his wife, mother, and brother, which caused him to take leave, and that the record indicated that the agency never denied his leave requests.  RID at 9.  The administrative judge considered this fact in finding that the appellant did not establish that the agency made working conditions so difficult that a reasonable person would have felt compelled to resign.  RID at 11.  In any event, the record reflects that any problems the appellant encountered resulted from the fact that, due to his wife's injury, he needed to request leave from home without his office computer and access to the agency's electronic time and attendance system; this created apparent confusion and issues over how the request would be entered into

the system and approved.  *See* Hearing Transcript at 165-66, 298-99, 447-48, 549-50, 554-57, 635, 652-53, 700-02.  We find that there is no indication that the agency engaged in any improper acts in this regard.

¶10      The appellant further contends that the administrative judge should have analyzed whether the appellant's disclosure was a contributing factor in the agency's creation of intolerable working conditions, as well as whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of his protected disclosure.  PFR File, Tab 1 at 19-25. We disagree.  With certain limitations not applicable here, an administrative judge may resolve certain issues in an IRA appeal, such as whether the appellant established by preponderant evidence that he made a protected disclosure and whether such a disclosure was a contributing factor in a personnel action, in any order he or she deems most efficient.  *See Massie v. Department of Transportation*, 118 M.S.P.R. 308, 312 n.2 (2012).  Thus, the appellant has shown no error in the administrative judge's determination to first resolve the issue of whether the agency had taken a personnel action.

¶11      The appellant asserts that the administrative judge made erroneous findings of material fact in support of the agency's justifications for some of the alleged intolerable working conditions.  PFR File, Tab 1 at 25.  For example, the appellant contends that the administrative judge incorrectly ascribed his temporary loss of his firearm, badge, and government-owned vehicle to medical documentation the appellant produced of an injury, given that a contemporaneous writing from the agency indicated that it was because of safety concerns.  *Id.* at 26.  The appellant presented medical documentation indicating that, from May 29, 2009, through June 30, 2009, he could engage in "[n]o physical activity with right hand due to fracture and tendon injury."  RRF, Tab 8, Attachment 16 at 6 of 9.  The agency thereafter notified the appellant that, as a result of the medical documentation, there were certain conditions that "must be imposed for your safety," including a restriction on his performance of law enforcement duties

in the field and the surrender of his firearm and government-owned vehicle, given that agents were authorized to use government-owned vehicles for home-to-work commuting "so that they can perform field work and respond to emergencies at any hour of the day." *Id*. at 7 of 9. The appellant has shown no inconsistency between the administrative judge's determination that it was undisputed that the appellant presented medical documentation that he was unable to use his right hand due to an injury, RID at 12, and evidence in the record showing that the agency imposed certain conditions on his employment for his safety.

¶12      The appellant also contends that the administrative judge incorrectly found that he submitted medical documentation of his injury 1 month later than his submission of a U.S. Department of Labor Form CA-1 on May 5, 2009, failed to analyze disparate treatment between the appellant and another agent who injured his hand, and waited too long to issue the initial decision. *Id*. at 26-29. The administrative judge, however, correctly noted that, although the appellant's injury occurred at the end of April or beginning of May 2009, the appellant did not supply the doctor's note increasing the restriction to no use of his right hand until shortly before June 2009. RID at 10; *see* RRF, Tab 8, Attachment 16 at 6 of 9. Moreover, the appellant has shown no error in the administrative judge's determination that the appellant and a coworker who injured his finger were not similarly situated because the coworker had no work restrictions and did not request an accommodation. *See* RID at 11-12.

¶13      Although the appellant contends that the administrative judge waited more than 15 months after the hearing to issue an initial decision, and that it was "clear" that the administrative judge's memory had faded by the time of the initial decision, the appellant acknowledged the complexity of this case, which involved a hearing that occurred over 3 days with multiple witnesses. PFR File, Tab 1 at 28. In any event, the appellant's speculation that the administrative judge's memory had faded is not reflected in the detailed, well-reasoned initial decision, and the appellant has otherwise shown no prejudice to his substantive rights.

*See Fouquet v. Department of Agriculture*, 82 M.S.P.R. 548, ¶¶ 7-9 (1999); *Paclibare v. Veterans Administration*, 22 M.S.P.R. 320, 323 (1984), *aff'd*, 785 F.2d 322 (Fed. Cir. 1985) (Table).

¶14    Accordingly, we deny the appellant's petition for review and affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.